IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00923-RM-STV

CITIZENS FOR CONSTITUTIONAL INTEGRITY, and
SOUTHWEST ADVOCATES, INC.,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
THE OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT,
DEB HAALAND, in her official capacity as Secretary of the Department of the Interior,
GLENDA OWENS, in her official capacity as Acting Director of the Office of Surface Mining Reclamation and Enforcement, and
LAURA DANIEL DAVIS, in her official capacity as Senior Advisor to the Secretary, exercising the delegated authority of the Assistant Secretary for Land and Minerals Management,

    Defendants,

and

GCC ENERGY, LLC,

    Intervenor.

---

**ORDER**

---

This civil action is before the Court on Defendants' Partial Motion to Dismiss (ECF No. 26) and Plaintiffs' Motion for Temporary Relief (ECF No. 30). Both Motions have been fully briefed and are ripe for review. (ECF Nos. 42-46.) For the reasons below, the Court grants Defendants' Motion and denies Plaintiffs' Motion.

**I.    BACKGROUND**

In March 2018, the Department of the Interior approved a mining plan modification

allowing Intervenor GCC Energy, LLC ("GCC") to expand its coal mining operations at the King II Mine in southwestern Colorado. *See Citizens for Const. Integrity v. United States*, No. 20-cv-03668-RM-STV, 2021 WL 4241336, at *2 (D. Colo. Aug. 30, 2021), *appeal docketed*, No. 21-1317 (10th Cir. Sept. 16, 2021).   In doing so, the Department did not apply the stream protection rule promulgated in December 2016 by Defendant Office of Surface Mining Reclamation and Enforcement ("OSMRE") because that rule had been invalidated by Congress and the President pursuant to the Congressional Review Act ("CRA"). *See id.* at *1.  Seeking to require the Department to apply the invalidated rule (and to vacate its approval of the modification), Plaintiffs filed a lawsuit in this Court in December 2020 asserting that the CRA was unconstitutional.

Meanwhile, in January 2021, the Department approved a subsequent modification and expansion at the Mine—the Dunn Ranch Area Expansion.  Plaintiffs filed the instant action, seeking to vacate the Department's approval of the Dunn Ranch Area Expansion for the same reasons asserted in the previous case.  The cases were consolidated in the interest of judicial economy.

In August 2021, the Court granted Defendant's Motion to Dismiss in the earlier filed case, rejecting Plaintiffs' constitutional challenges to the CRA.  The following month, Defendants moved to dismiss the instant case, and Plaintiffs filed a Notice of Appeal and an Amended Complaint.  The Amended Complaint includes the same three constitutional claims that were asserted in the original Complaint and in the earlier filed case as well as two new claims premised on the legal theory that OSMRE violated the Surface Mining Control and Reclamation Act ("SMCRA") when it approved the Dunn Ranch Area Expansion.

Due to the different trajectories of the two cases, the Court unconsolidated them and directed that the Amended Complaint and other relevant pleadings be docketed in this case. The Court now turns to the pending Motions.

## II.     PARTIAL MOTION TO DISMISS

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Defendants argue that Plaintiffs' three constitutional claims are "meritless and precluded." (ECF No. 26 at 4.) The Court agrees that these claims are meritless for the reasons set forth in its August Order. From the Court's perspective, nothing has changed with respect to the CRA and the invalidated stream protection rule since the August Order. Defendants' Motion to Dismiss in the earlier case has been fully litigated at the district court level and no new arguments have been presented. The Court disagrees with Plaintiffs' contention that the doctrine of constitutional avoidance precludes ruling on the pending Motion and further finds that it need not rely on preclusion principles or any grounds aside from the rationale set forth in the August

Order to conclude that Defendants are entitled to dismissal of these claims.

### III. MOTION FOR TEMPORARY RELIEF

Plaintiffs seek relief under the temporary relief provision of the SMCRA, 30 U.S.C. § 1276(c), which provides, in relevant part, as follows:

> In the case of a proceeding to review any order or decision issued by the Secretary under this chapter . . . the court may, under such conditions as it may prescribe, grant temporary relief as it deems appropriate pending final determination of the proceedings if—
>
> > (1) all parties to the proceedings have been notified and given an opportunity to be heard on a request for temporary relief;
> >
> > (2) the person requesting such relief shows that there is a substantial likelihood that he will prevail on the merits of the final determination of the proceeding; and
> >
> > (3) such relief will not adversely affect the public health or safety or cause significant imminent environmental harm to land, air, or water resources.

Intervenor and Defendants treat Plaintiffs' Motion as a request for a preliminary injunction. To obtain injunctive relief, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because injunctive relief is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Under either standard, Plaintiffs' must demonstrate a substantial likelihood of prevailing

on the merits.[1]  Their failure to do so is fatal to their Motion.  Plaintiffs primarily object to OSMRE's environmental assessment ("EA") supporting its decision to approve the Dunn Ranch Lease Expansion and the degree to which OSMRE considered the probable hydrologic consequences of its decision.  *See* 30 U.S.C. § 1257(b)(11).  In their Motion, they identify "two fundamentally inconsistent statements in the EA: one on surface water and one on groundwater." (ECF No. 30 at 14.)

Three key statements in the EA form the basis of Plaintiffs' argument with respect to surface water:

[1]   Approximately 14.07 acre-ft of water is used by GCC from the Huntington Ditch each year for mining dust suppression and bath house facility operational use;

[2]   [GCC's water right] decree provides up to 34.07 acre feet annually from three sources of water: Huntington irrigation dry-up, diversion from the La Plata River, and well water; [and]

[3]   In 2015, GCC filed (2015CW3029) for supplemental water supply to meet the requirements of [La Plata County's] land use code.

(ECF No. 31-1 at 21.)  Plaintiffs contends that "[i]f GCC had a decree for 34.07 acre-feet, and sought more, it is not using only 14.07 acre-feet."  (ECF No. 30 at 14.)  But there is nothing inherently inconsistent about using less than all of one's water rights.  (*See* ECF No. 43 at 24 ("Simply put, GCC has obtained the rights to more water than the mine uses.").)  Further, as explained in the EA, GCC sought supplemental water supply to meet applicable land use requirements.  Moreover, as OSMRE notes in its Response, it did not rely solely on the EA to

---

[1] To prevail on the merits on their SMCRA claims, Plaintiffs must show the approval of the Dunn Ranch Area Expansion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).

analyze potential hydrologic impacts. Its decision was also informed by a cumulative hydrologic impact assessments performed in 2018 and 2020. *See* 30 C.F.R. § 784.14(f). And, as part of its approval of the expansion, it also approved a groundwater monitoring program. (ECF No. 43 at 21.) OSMRE notes as well that the water court concluded that the Dunn Ranch Area Expansion would not affect surface water use when it approved industrial use of water previously used for irrigation. (*Id.* at 22-23 (citing *In re GCC Energy, LLC*, No. 2015CW3029, 7 (Colo. D. Ct. Water Div. Jan. 6, 2017)).) Accordingly, the isolated statements cited by Plaintiffs fall well short of providing a basis for finding Plaintiffs are likely to succeed in establishing that OSMRE inadequately assessed the probable hydrologic impacts or that its decision to approve the Dunn Ranch Area Expansion was arbitrary or capricious.

Plaintiffs also argue that the EA is inaccurate and internally inconsistent because it states that the Mine uses and does not use groundwater, citing a water court order authorizing up to three groundwater wells at the Mine, the second statement from the EA quoted above, and an additional statement in the EA that "[n]o ground water is used at the mine." (ECF No. 31-1 at 21.) But although the decree provides for a quantity of water that includes well water, it does not follow that GCC is actually using well water. As explained in OSMRE's Response, the water GCC uses at the Mine is diverted stream water, so the additional statement above is accurate. (ECF No. 43 at 24; *id.* at 25 ("[T]he mine does not use groundwater sourced from within the permit area—consistent with the EA statement.").) The Court finds any apparent inconsistency in these statements is not sufficient to render OSMRE's decision a clear error judgment in violation of the SMCRA.

Plaintiffs contention that OSMRE failed to consider losses to groundwater caused by

6

shifting from irrigation to industrial use is also unavailing. Plaintiffs have not identified any actual impacts—they merely speculate about potential impacts. On the current record, Plaintiffs have not shown they are likely to succeed in establishing that OSMRE failed to consider adequately the groundwater impacts associated with the Dunn Ranch Area Expansion.

## IV. CONCLUSION

Accordingly, Defendants' Partial Motion to Dismiss (ECF No. 26) is GRANTED, and Plaintiffs' Motion for Temporary Relief (ECF No. 30) is DENIED.

DATED this 16th day of February, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge