IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00923-RM-STV

CITIZENS FOR CONSTITUTIONAL INTEGRITY, and
SOUTHWEST ADVOCATES, INC.,

    Petitioners,

v.

THE OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT,
DEB HAALAND, in her official capacity as Secretary of the Department of the Interior,
GLENDA OWENS, in her official capacity as Acting Director of the Office of Surface Mining Reclamation and Enforcement, and
LAURA DANIEL DAVIS, in her official capacity as Senior Advisor to the Secretary, exercising the delegated authority of the Assistant Secretary for Land and Minerals Management, and
THE UNITED STATES OF AMERICA,

    Respondents,

and

GCC ENERGY, LLC,

    Intervenor-Respondent.

## ORDER

Before the Court is Petitioners' Motion to Complete and to Supplement the Administrative Record (ECF No. 68), seeking an order directing Respondents to include two categories of documents in the Administrative Record.[1] The Motion has been fully briefed. (ECF Nos. 69, 70) and is denied for the reasons below.

---

[1] Petitioners have withdrawn their Motion with respect to a third category. (*See* ECF No. 70 at 2-3 n.1.)

I.   **BACKGROUND**

In March 2018, the Department of the Interior approved a mining plan modification allowing Intervenor-Respondent GCC Energy, LLC ("GCC") to expand its coal mining operations at the King II Mine in La Plata County, Colorado. *See Citizens for Const. Integrity v. United States*, No. 20-cv-03668-RM-STV, 2021 WL 4241336, at *2 (D. Colo. Aug. 30, 2021), *appeal docketed*, No. 21-1317 (10th Cir. Sept. 16, 2021). In January 2021, the Department approved a subsequent modification and expansion at the Mine—the Dunn Ranch Area Expansion.

In the Amended Complaint and Petition for Review of Agency Action, Petitioners assert that in approving the Expansion, Respondents violated the Surface Mining Control and Reclamation Act of 1977 and the Administrative Procedure Act "by inaccurately determining the Mine's impacts on surface water and groundwater volumes" and "by failing to consider the lost groundwater from changing the surface water use from irrigation at the Huntington farm to industrial uses at the Mine." (ECF No. 21, ¶¶ 18, 88, 95.)

In their Motion, Petitioners assert that Respondents failed to provide the compete Administrative Record, which should include internal emails concerning the Expansion and analyses of the Mine's impacts by La Plata County from 2016 and 2019.

II.   **LEGAL STANDARD**

Judicial review of Petitioners' underlying claims is generally limited to the record before Respondents at the time the Expansion was approved. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). Respondents are responsible for compiling and producing the Administrative Record, which must contain all documents and materials directly or indirectly

considered by all decision makers. *Id.*; *see also Rocky Mountain Wild v. Kornze*, 2015 WL 13873932, at *3 (D. Colo. Feb. 10, 2015). Respondents' designation of the Administrative Record is entitled to a presumption of administrative regularity—the Court assumes the record has been properly designated absent clear evidence to the contrary. *Bar MK Ranches*, 994 F.2d at 740.

Extra-record evidence may be annexed to the submitted record through either completion or supplementation. *See Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1274 (D. Colo. 2010). To justify completion of the Administrative Record, Petitioners must clearly establish both that the proffered documents were (1) before Respondents during the decision-making process and (2) in fact directly or indirectly considered by Respondents. *Id.* at 1275. Supplementation of the Administrative Record is justified only in limited circumstances, including where (1) agency action is not adequately explained and cannot be reviewed properly without considering the cited materials, (2) the record is deficient because the agency ignored relevant factors that it should have considered in making its decision, (3) the agency considered factors that were left out of the formal record, (4) the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues, and (5) evidence coming into existence after the agency acted demonstrates that the actions were right or wrong. *See Am. Min. Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985).

### III. ANALYSIS

#### A. Internal Emails

Although the Administrative Record is over 20,000 pages and includes various emails between Respondents and outside parties, Petitioners contend it should also include

3

Respondents' internal emails—in particular, emails from the Office of the Assistant Secretary for Lands and Minerals Management by Casey Hammond, who ultimately signed the Expansion approval. Respondents argue the emails are deliberative materials relating to the challenged decision that should not be included in the Administrative Record. The Court agrees with Respondents and finds the emails are subject to the deliberative process privilege.

Documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative. *Trentadue v. Integrity Committee*, 501 F.3d 1215, 1227 (10th Cir. 2007). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front[-]page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (quotation and citations omitted). As a result, materials reflecting an agency's internal deliberations about the merits of matters before the agency are not properly part of an administrative record. *See San Luis Obispo Mothers for Peace v. U.S. Nuclear Regul. Comm'n*, 789 F.2d 26, 44-45 (D.C. Cir. 1986); *see id.* at 45 ("There may be cases where a court is warranted in examining the deliberative proceedings of the agency. But such cases must be the rare exception if agencies are to engage in uninhibited and frank discussions during their deliberations."); *see also Trentadue*, 501 F.3d at 1226-27. The Court finds the unspecified internal emails Petitioners seek to have included in the Administrative Record are of a piece with "[d]ocuments such as drafts, recommendations, proposals, and suggestions that reflect the personal opinions of the author rather than the policy of the agency," *Bloomberg, L.P. v. SEC*, 357 F. Supp. 2d 156, 168 (D.D.C. 2004), and are thus

4

protected under the deliberative process privilege.

**B.    La Plata County Materials**

The second category of documents that Petitioners seek to add to the Administrative Record includes both materials from a 2016 meeting of the La Plata County Board of County Commissioners, in which it analyzed the Mine's impacts, and its Fort Lewis Mesa District Plan from November 2019.  Respondents contend they did not consider these documents and that Petitioners have not shown that completion or supplementation of the Administrative Record is warranted.  Again, the Court agrees with Respondents.

1.    <u>2016 Meeting Materials</u>

Petitioners contend that Respondents considered the 2016 meeting materials because the environmental assessment for the Expansion contains a hyperlink to them.  However, courts have rejected the "consideration through citation" argument because it "stretches the chain of indirect causation to its breaking point and cannot be a basis for compelling completion of an Administrative Record." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d at 1277.  The environmental assessment merely stated that in 2016, La Plata County issued GCC a land use plan that included a road improvements agreement limiting the volume of coal truck traffic along CR 120 and that the plan, agreement, and a staff report were publicly available online at the provided web address, which was hyperlinked.  (ECF No. 50, Admin. R. 6158.)  But Petitioners have not established that any decision maker with respect to the Expansion considered, directly or indirectly, the 2016 meeting materials.  Moreover, "[t]he use of a document as a source for further reference is more akin to the sort of mere mention that is typically insufficient to prove the document belongs in the administrative record." *Ocean, Inc. v. Ross*, 290 F. Supp. 3d 73, 80

5

(D.D.C. 2018).

In their Reply, Petitioners attempt to up the ante by asserting that Respondents "quoted and hyperlinked to the La Plata County Report" (ECF No. 70 at 12), but Petitioners fail to cite a single example of any quotation from the 2016 meeting materials that is included in the environmental assessment. Nor have they shown that any of the limited circumstances warranting supplementation applies to these materials. Accordingly, the Court finds Petitioners have failed to present clear evidence to overcome the presumption of administrative regularity.

      2.     <u>2019 District Plan</u>

With respect to the 2019 District Plan, Petitioners first contend that Respondents' purported failure to consider it constitutes a violation of the National Environmental Protection Act ("NEPA"). Be that as it may, Petitioners have not set forth in the Motion "(1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *WildEarth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1254 (D. Colo. 2010). Thus, under the circumstances, the Court finds this alleged NEPA violation is insufficient to overcome the presumption of administrative regularity to support an order to complete the Administrative Record. *See id.* at 1255 ("The rationale for limiting the record to those documents directly or indirectly considered by relevant agency decision makers is grounded in the need to afford adequate deference to agency expertise while ensuring meaningful judicial review of the full administrative record.").

Petitioners next content that the Administrative Record should be supplemented with the 2019 District Plan because Respondents "failed to analyze the impacts of diverting irrigation water, which once infiltrated to replenish groundwater, to the Expansion." (ECF No. 68 at 11.)

But this bare assertion is insufficient to establish that Respondents did not consider all relevant factors when it approved the Expansion. Petitioners offer little else in support of their argument for supplementation, and the Court finds that none of the limited circumstances warranting supplementation applies. "[C]onsideration of extra-record materials is appropriate in 'extremely limited' circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record." *Lee v. U.S. Air Force*, 354 F.3d 1229, 1241 (10th Cir. 2004) (citing Am. Mining Cong., 772 F.2d at 626). Petitioners' Motion falls well short of establishing that Respondents ignored relevant factors in approving the Mine Expansion.

IV.  **CONCLUSION**

Therefore, Petitioners' Motion (ECF No. 68) is DENIED.

DATED this 28th day of October, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge